802 F.2d 461
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDITH WOODBERRY, Plaintiff-Appellant
v.
SAMUEL PIERCE, SECRETARY OF HUD, Defendant-Appellee.
 No. 86-1166, 86-1274.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1986.
 
 1
 BEFORE: MERRITT, KRUPANSKY and RYAN, Circuit Judges
 
 ORDER
 
 2
 Plaintiff appeals pro se the district court's order entered on December 30, 1985, judgment entered on December 31, 1985 and from the memorandum opinion entered on February 5, 1986. The district court dismissed plaintiff's complaint, which alleged the government's non-performance of an oral contract, on the grounds that she failed to state an actionable claim.
 
 
 3
 The factual scenario is as follows. Plaintiff was employed as the Project-Resident Manager of Woodward East Towers apartment complex (WET) from November 2, 1971 until October 1981. Plaintiff alleges that, during this time, the operating expenses of WET were greater than the income generated. Thus, she and WET decided to hold payments of managerial expenses in abeyance and pay other operational expenses of WET first. Plaintiff was to be paid the withheld managerial fee at a later date, pursuant to an oral contract with WET.
 
 
 4
 In 1981, HUD foreclosed on WET. Plaintiff alleges that HUD has refused to pay her the cumulative unpaid managerial fee which amounts to $90,000. She also maintains that, as manager, she collected approximately $10,000 in security deposits. Plaintiff sues to recover all managerial fees due her as well as the security funds.
 
 
 5
 The district court correctly held that plaintiff's action must be dismissed because the alleged oral contract, for which no written evidence exists, was between plaintiff and WET only. Therefore HUD is an improper party upon which to seek enforcement of the contract. Furthermore, if HUD were the proper party to seek enforcement of the contract, enforcement would be prohibited. It is well established that contracts with the United States government, which are merely oral, are not enforceable. United States of America v. American Renaissance Lines, Inc., 494 F.2d 1059, 1062 (D.C. Cir.), cert. denied, 419 U.S. 1020 (1974). Thus the rationale for dismissing the complaint against defendant is twofold.
 
 
 6
 For these reasons, it is ORDERED that the district court's judgment be affirmed. Sixth Circuit Rule 9(d)(3).